UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:23cv24797

JANESSA NICOLATOS,

    Plaintiff,
v.

CREDIT CONTROL LLC,

    Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, Fla. Stat. §559.55, *et seq*. ("TCPA").

**JURISDICTION & VENUE**

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367, and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters and made collection efforts in this District.

**PARTIES**

3.    Plaintiff, Janessa Nicolatos ("Nicolatos"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.    Defendant, Credit Control, LLC., ("Credit Control"), is registered with the Florida Department of State, Division of Corporations as a limited liability company. Its registered agent for service of process is C T Corporation System, 1200 Pine Island Road, Plantation, FL 33324.

5.    Credit Control regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts for others.

6. Credit Control retained Nickname for Defendant to collect a consumer debt against Plaintiff.

7. Credit Control is registered as a collection agency.

8. Credit Control is a "debt collector" as defined in the FDCPA and TCPA.

9. Credit Control is a creditor as defined by the FCCPA and TCPA.

## FACTUAL ALLEGATIONS

10. On or about August 30, 2023, Plaintiff, Nicolotas, received a call from Defendant, Credit Control.

11. Defendant, Credit Control, sought to communicate with a third party by the name of "Marisel Navea."

12. The true nature or the purpose of the call is not known to Plaintiff. It is believed that Defendant was seeking to collect a defaulted debt that was of a personal, family, or household nature.

13. Plaintiff had advised that she was not the party "Marisel Navea" and that the Defendant had the wrong number.

14. Plaintiff has not consented to any further direct communication with Defendant and requested that the Defendant stop calling her cellular telephone number.

15. Defendant failed to honor the request and continued to call the Plaintiff.

16. At the time Defendant contacted the Plaintiff the second time, Defendant knew the FDCPA and TCPA prohibited it from communicating directly with Plaintiff on her cellular phone.

17. If Defendant continues to communicate directly with Plaintiff, Plaintiff will be harmed in the future.

18. The actions of Defendant caused Plaintiff to incur actual damages including interruption at work, emotional pain and suffering.

## COUNT I
## ATTEMPTING TO COLLECT THE DEBT OF
## ANOTHER IN VIOLATION OF 15 U.S.C. §1692f

19. Plaintiff incorporates Paragraphs 1 through to 18.

20. Defendant, Credit Control, communicated directly with Plaintiff in an attempt to collect the debt of another person in violation of 15 U.S.C. §1692f.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT II
## ATTEMPTING TO COLLECT AN INVALD
## DEBT IN VIOLATION OF FLA. STAT. §559.72(9)

21. Plaintiff incorporates Paragraphs 1 through to 18.

22. Defendant, Credit Control, communicated directly with Plaintiff in an attempt to collect the debt of another person in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff incorporates Paragraphs 1 through 18.

24. Defendant, or others acting on its behalf, placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic dialing system or pre-recorded or artificial voice in violation of 47 U.S.C. §227(b)(1)(A)(iii).

WHEREFORE, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for:

a. Damages;

b. A declaration that Defendant's calls violate the TCPA;

c. A permanent injunction prohibiting Defendant from placing non-emergency calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice; and

d. Such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

*/s Joel D. Lucoff*
Joel D. Lucoff
Fla. Bar No. 192163
Debt Shield Law
3440 Hollywood Blvd., Suite 415,
Hollywood, FL 33021
754-800-5299
service@debtshieldlaw.com
joel@debtshieldlaw.com
dayami@debtshieldlaw.com